Howard C. Kim, Esq.
Nevada Bar No. 10386
E-mail: howard@smithkim.com
Kurt A. Smith, Esq.
Nevada Bar No. 10764
E-mail: kurt@smithkim.com
SMITH & KIM ATTORNEYS AT LAW
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014
Telephone: (702) 384-3300
Facsimile: (702) 384-3301
*Attorneys for Debtors* Moon Ok Park and Jin Sun Park

E-filed on: March 24, 2010

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MOON OK PARK<br>JIN SUN PARK<br><br>Debtors. | Case No. BK-S-09-32984-BAM<br>Chapter 13<br><br>**OPPOSITION TO U.S. BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date of Hearing:    4/20/2010<br>Time of Hearing:    1:30 pm.<br>Place: Courtroom No. 3, Third Floor<br>           Foley Federal Building<br>           300 S. Las Vegas Blvd.<br>           Las Vegas, NV 89101<br><br>Judge: Hon. Bruce M. Markell |

Now comes, Moon Ok Park and Jin Sun Park (hereinafter the "Debtors"), by and through their attorney, HOWARD C. KIM, ESQ. of SMITH AND KIM ATTORNEYS AT LAW, move this court to deny U.S. Bank National Association's ("Secured Creditor") Motion for Relief from Automatic Stay ("Motion'). Debtors respectfully submit that the Secured Creditor's interest is adequately protected because the arrears to the Secured Creditor will be fully paid through Debtors' Chapter 13 Plan.

**JURISDICTION**

This court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

**STATEMENT OF FACTS**

1. On December 7, 2009, Debtors filed a voluntary petition for bankruptcy protection under Chapter 13, Title 11 of the United States Code. Although Debtors could have filed under Chapter 7 of the Code due to their low income, they chose to file under Chapter 13 in order to strip off the second mortgage lien (held by Vericrest Financial) and save their home.[1]

2. In their petition, Debtors listed their home, which is located at 2015 Dragonslayer Avenue, Las Vegas, Nevada 89123 (hereinafter referred to as "Home.") with a market value of $160,000.00.

3. As of the petition date, the Home was encumbered by a First Deed of Trust in favor of Wells Fargo Mortgage who subsequently assigned their rights under the Deed to U.S. Bank National Association (hereinafter referred to as the "Movant") for a note securing $249,796.00.

4. At the time of the filing, Debtors had prepetition arrearage in the amount of $3,660.15.

5. On December 22, 2009, the Movant filed Proof of Claim No. 6-1 for the amount (attached hereto as Exhibit "A").

6. Debtor fell behind the payment for another month thereby increasing the arrearage amount by additional $3023.33 including Movant's attorney's fees and cost.

7. On February 17, 2010, after conferring with the Chapter 13 Trustee in this case, Debtors filed Proof of Claim No. 32-1, on behalf of the Movant, for the post petition first mortgage arrearages for the amount of $3,389.78 (attached hereto as Exhibit "B").

8. Concurrently, Debtors filed Amended Plan #3 providing that the entire arrearage be paid in full through the Plan [Dkt. No. 32]. The Plan provided that Movant be paid in full: $3,600 for prepetition arrears and additional $3,389.78 for post-petition arrears.

9. With the exception of the three missing payments, Debtors are current on the first

---

[1] The second mortgage linen was later stripped off by this court's order [Dkt. No. 37].

SMITH & KIM ATTORNEYS AT LAW
1057 WHITNEY RANCH DRIVE, SUITE 100
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  mortgage as of this date.

2      10.    Despite of the provision under Amended Plan #3, Movant filed the instant motion for relief from automatic stay arguing that its interest in the Home is not adequately protected.

4      11.    Because Amended Plan #3 provides for a full payment of all arrearages, Debtors respectfully request that the instant Motion be denied.

## LEGAL ARUGMENT

11 U.S.C § 361 provides for adequate protection of an interest of an entity in property to the extent that the stay results in a decrease in the value of such entity's interest in such property. In re American Mariner Industries, Inc., 734 F.2d 426 (9th Cir. 1984). That is precisely the case here as Movant's interest is adequately protected by the indubitable equivalent of its collateral, i.e., the Plan payment provision. See 11 U.S.C § 1129(b)(2)(A)(iii).

In addition, the Code provides adequate protection for a secured creditor in Chapter 13 cases through the Plan confirmation process. 11 U.S.C § 1325(a)(5) provides that:

> (a) The court shall confirm a plan if -- . . . .
>
> (5) with respect to each allowed secured claim provided for by the plan -- .
>
> (B)(i) the plan provides that the holder of such claim retain the lien securing such claim;   and
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the   plan on account of such claim is not less than the allowed amount of such claim.

Here, Movant's first mortgage lien is unchanged by the plan and it will receive in full the entire amount of the arrearages plus its' attorney's fees and costs.

Moreover, the Ninth Circuit Court of Appeals held that a Chapter 13 debtor may modify the rights of a creditor whose only security is in the debtor's residence, provided that the default is cured within a reasonable time and the debtor maintains the current payments. In re Nelson, 59 B.R. 417, 418 (B.A.P. 9th Cir. Cal. 1985). Here, Debtors continue to make monthly

- 3 -

1  payments as they come due and their Chapter 13 Plan provides for a three-year repayment
2  period, which is a reasonable time to cure the default.
3      WHEREFORE, Debtors pray that the instant Motion be denied.
4      Dated: March 24, 2010.

**SMITH AND KIM, ATTORNEYS AT LAW**

/s/ Howard C. Kim
Howard C. Kim, Esq. (NV Bar No. 10386)
Kurt A. Smith, Esq. (NV Bar No. 10764)
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014

*Attorneys for Debtors* Moon Ok Park and Jin Sun Park.

# EXHIBIT A